UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT LOMACK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　Defendant. | Case No. 16-02444 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the "CDCR in the official capacity."[1] Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

**DISCUSSION**

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any

---

[1] The matter was reassigned to this Court on June 3, 2016, after Plaintiff declined magistrate judge jurisdiction. (Docket Nos. 6 & 9.)

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.        Plaintiff's Claims**

Plaintiff claims that on November 24, 2014, he fractured and tore something in his hand. (Compl. at 3.) After he received two x-rays at Salinas Valley State Prison, where he was previously incarcerated, he was informed that "nothing was wrong." (Id.) Plaintiff managed to see an "outside doctor," who diagnosed a small tear and fracture. (Id.) Plaintiff was given a soft cast, medication, and injections shots, with the prognosis that "it might heal properly." (Id.) Plaintiff claims that his injury has not healed, and he has disfiguration of his bones along with inflammation. (Id.) Plaintiff complains that he suffers from chronic pain and requires physical therapy. (Id.) Plaintiff claims that his injuries are due to the "CDC not finding the fracture with first two x-rays." (Id.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could

2

result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002).

Assuming that Plaintiff had a serious medical need, he still fails to state a deliberate indifference claim because he lacks sufficient facts showing the second element, i.e., defendant's response to the need. First of all, Plaintiff fails to identify a specific individual as defendant whose actions caused the deprivation of his Eighth Amendment rights. Naming the "CDCR in the official capacity" is simply insufficient. Furthermore, Plaintiff has failed to allege that any defendant knew Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837. Plaintiff shall be granted leave to amend, to identify specific individuals as defendants and allege facts showing that they acted with deliberate indifference to his serious medical needs, if he can truthfully do so.

The Court notes that in identifying the CDCR as a defendant "in the official capacity," Plaintiff also stated "medical neglect." (Compl. at 2.) However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than

negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). The facts alleged by Plaintiff only indicate that Defendants acted negligently in misdiagnosing his injuries. Accordingly, any such claim will be dismissed for failure to state a claim for which relief may be granted.

## CONCLUSION

For the reasons state above, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) da**ys of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 16-02444 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes all prior complaints, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** ___10/4/2016___   _____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal with Leave to Amend; Other Motions
PRO-SE\EJD\CR.16\01389Ardds_dwlta

4